IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD WADE CEPHAS,            )
                               )
            Plaintiff,         )
                               )
    v.                         )   C.A. No. 23-1295-GBW
                               )
APPLE GREEN,                   )
                               )
            Defendant.         )

## MEMORANDUM OPINION

Donald Wade Cephas, Newark, Delaware. Pro Se Plaintiff.

May 15, 2024
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

On November 14, 2023, Plaintiff Donald Wade Cephas filed his *pro se* Complaint in this action. (D.I. 2). He has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff ostensibly attempts to bring a wrongful termination claim against Defendant Apple Green PLC, and he asserts jurisdiction in this Court on the purported basis that the United States or a federal official or agency is a defendant, as well as federal question jurisdiction. Plaintiff alleges that, after he reported another employee to his supervisor for stealing sodas from Starbucks, the employee told Plaintiff that he would shoot him if he got fired. Plaintiff's supervisor informed him that she had also seen the employee stealing and that she would report the matter to her superiors. Plaintiff's superior's manager told her that he had caught the employee doing drugs on company property. Plaintiff and his supervisor did not come to work the next day out of concern for their safety with the employee still being employed while under investigation. Plaintiff and his supervisor were terminated for "no-call-no-show," despite calling to express their concerns for their safety. (D.I. 2 at 6). Plaintiff seeks $125,000 in damages.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

2

1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Apple Green PLC is a private company; it is not the United States or a federal official or agency. The Court construes Plaintiff's Complaint as bringing a

3

claim for wrongful termination under Title VII. The claim fails, however, because Plaintiff does not allege that his termination was based on him being a member of a protected class. The Court will, therefore, dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and deny as moot his request for appointed counsel. Amendment is futile.

## IV. CONCLUSION

For the above reasons, this Court will dismiss the Complaint. Amendment is futile.

An appropriate Order will be entered.